IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 17-cv-00142-MSK

In Re:
Omar A. Duwaik

OMAR A. DUWAIK,

    Appellant,

v.

JP MORGAN CHASE BANK, N.A., Successor in Interest by purchase from the FDIC as Receiver of Washington Mutual Bank f/k/a Washington Mutual Bank FA,

    Appellee.

## ORDER ON APPEAL[1]

**THIS MATTER** comes before the Court on the Omar A. Duwaik's[2] ("Mr. Duwaik")

appeal from the January 3, 2017 Order of United States Bankruptcy Court that denied his

Motion to Set Aside (**Bankruptcy Docket #232**) a prior Order granting relief from the

automatic stay (**Bankruptcy Docket #210**). The Court has considered the designated record, Mr.

Duwaik's Opening Brief **(#13)**, the Response Brief **(#21)** by JP Morgan Chase Bank ("Chase"),

---

[1] The Court, finding that oral argument would not assist in its resolution, considers the matter based on the arguments and documents of record.

[2] In considering Mr. Duwaik's filings, the Court is mindful of his *pro se* status, and accordingly, reads his pleadings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, such liberal construction is intended merely to overlook technical formatting errors and other defects in his use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not relieve Mr. Duwaik of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court will treat Mr. Duwaik according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

1

and Mr. Duwaik's Reply Brief **(#23)**. Also at issue is Mr. Duwaik's "Petition for a Restraining Order and Temporary and Permenent (sic.) Injunction" **(#25)** and the briefing associated therewith.

## JURISDICTION

This Court exercises jurisdiction pursuant to 28 U.S.C. § 158(a).

## FACTUAL BACKGROUND

In July 2005, Mr. Duwaik executed a promissory note ("Note") in the amount of $1,500,000 in favor of Washington Mutual Bank, FA ("WAMU"). The Note was secured by a Deed of Trust on four parcels of vacant land and a house ("House"). WAMU failed, and its assets were placed into a receivership administered by the Federal Deposit Insurance Corporation, from whom Chase claims to have purchased the Note and Deed of Trust at issue here.

Until 2010, Mr. Duwaik made payments to Chase, but eventually fell into delinquency. In 2012, Chase initiated foreclosure proceedings against the House. During those proceedings, Mr. Duwaik challenged whether Chase possessed the original Note that he executed in favor of WAMU. In December 2012, Mr. Duwaik filed a voluntary Chapter 11 bankruptcy petition.

In the underlying bankruptcy case, Chase filed a Proof of Claim to which it attached a copy of the Note and Deed of Trust. Mr. Duwaik never contested the claim nor sought a determination as to the nature, extent, or priority of the lien claimed by Chase. He proposed a plan of reorganization that provided for payment to Chase. The Plan was confirmed on January 10, 2014 (**Bankruptcy Docket #123**).

On August 2, 2016, Chase moved for relief from the automatic stay pursuant to 11 U.S.C. Section 362(d)(1) and (2) in order to foreclose its lien against the House. (**Bankruptcy Docket**

**#197)**. Following a preliminary hearing, the Bankruptcy Court issued a written order in which it found that Chase had established "cause" for relief from stay. **(Bankruptcy Docket #210)**. The Bankruptcy Court found that Chase lacked adequate protection because 1) it was owed approximately $1.9 million and the House was valued at only $350,000; 2) Mr. Duwaik had failed to pay real property taxes in 2015 and was delinquent in payment for a period of six years; 3) the nonpayment of taxes violated the terms of the confirmed Plan and eroded the value of Chase's collateral; and 4) Mr. Duwaik had made no payments to Chase since confirmation of the Plan and did not intend to do so until the property was sold, but that the property was neither listed for sale nor was there a time frame in which the property would be sold. The Bankruptcy Court found no need for a final hearing except to address one issue – Chase's standing as a "party in interest" by being the holder of the Note and beneficiary of the Deed of Trust.

At the final hearing, Chase presented the Note to the Court for inspection. Mr. Duwaik attempted to present evidence that his signature on the Note had been forged (he contended that the signature on the Note in blue ink that was purportedly his was fraudulent because he recalled signing the Note in black ink). Mr. Duwaik submitted a witness and exhibit list,[3] in anticipation of the evidentiary hearing, which the Bankruptcy Court struck as untimely and irrelevant to the issues pertinent to Chase's Motion for Relief from Stay. The Bankruptcy Court reviewed the Note produced by Chase and found that Chase had produced sufficient evidence of a "colorable secured claim" to establish its standing as a party in interest. **(Bankruptcy Docket ## 218, 219)**. The Bankruptcy Court granted Chase's Motion for Relief from Stay to proceed with foreclosure of its lien against the House. Mr. Duwaik took no appeal from the grant of relief from stay.

---

[3]The list included Mark Songer, a document examiner, a Deposition of Cynthia Riley, and an article entitled "Shenanigans Abound – WAMU's Endorsement of the Notes".

Some two months later, Mr. Duwaik sought to set aside the Bankruptcy Court's Relief from Stay Order. **(Bankruptcy Docket #232)**. Premised on Fed. R. Civ. P. 60(b)(2) and(3), Mr. Duwaik alleged that he had discovered new evidence that his signature on the Note held by Chase had been forged, and therefore, Chase had obtained the Relief from Stay Order by fraud.

The Bankruptcy Court denied Mr. Duwaik's motion. **(Bankruptcy Docket #240)**. In its written order, it found that no relief was proper under Rule 60(b)(2) because 1) Mr. Duwaik's proffered evidence with regard to the Note was essentially the same as that proffered at the final hearing on Chase's Motion for Relief from Stay, and thus it was neither new nor newly discovered; 2) Mr. Duwaik had not acted diligently because he did not review the Note at the time of final hearing when he would have seen the "blue ink" that Mr. Duwaik contended evidenced a forgery; 3) Mr. Duwaik's proffered evidence was largely duplicative of that proffered at the final hearing; 4) the evidence proffered was not relevant to Chase's standing to proceed on its Relief from Stay Motion; and 5) if taken as true, Mr. Duwaik's evidence creates a dispute as to the validity of Chase's lien, which dispute fell outside the narrow scope of the relief from stay determination and could be addressed in state court. As to Mr. Duwaik's argument under Rule 60(b)(3), the Bankruptcy Court found that because its order was not a final judgment as to the validity of the Note and that Mr. Duwaik could address such issue in state court as part of the foreclosure process, there had been no interference with Mr. Duwaik's rights.[4]

## ISSUES ON APPEAL

In this appeal, Mr. Duwaik contends that the Bankruptcy Court erred in denying his Motion to Set Aside the stay relief order. He enumerates several alleged errors in his Statement

---

[4]The Bankruptcy Court also found that the Motion was improperly filed in violation of Fed. R. Bankr. P. 9011(a) because it was ghostwritten by an attorney who the Court had barred from representing Mr. Duwaik due to a conflict of interest.

of Issues: 1) the Bankruptcy Court abused its discretion when it did not find that newly discovered evidence proves that Chase does not own or possess the Note; 2) the Bankruptcy Court abused its discretion when it did not find that Chase perpetuated a fraud on the Bankruptcy Court by filing forged documents purporting to be the Note; 3) the Bankruptcy Court erred when it found that his Rule 60(b) motion was ghostwritten by an attorney; 4) the Bankruptcy Court failed to apply the correct legal standard to his Rule 60(b) motion; and 5) the Bankruptcy Court erred when it struck his Amended Witness and Exhibit List as untimely in conjunction with the final relief from stay hearing. However, Mr. Duwaik offers argument only as to the first and second issues.

The Court declines to consider Mr. Duwaik's third, fourth, and fifth alleged errors. Fed. R. Bankr. P. 8014(a)(8), which applies to appeals from orders of the Bankruptcy Court, requires that an appellant's brief "must contain the appellant's contentions and the reasons for them with citations to the authorities and parts of the record on which the appellant relies." Arguments that fail to comply with this requirement are inadequately briefed and deemed waived. *See In re Taylor*, 737 F.3d 670, 682 n.9 (10th Cir. 2013).

The two briefed issues are:

1) Did the Bankruptcy Court abuse its discretion when it did not find that newly discovered evidence proves that Chase does not own or possess the Note?; and

(2) Did the Bankruptcy Court abuse its discretion when it did not find that Chase perpetuated a fraud on the Bankruptcy Court by filing forged documents purporting to be the Note?

However, as noted in the discussion below, because the Bankruptcy Court used the same reasoning in addressing Mr. Duwaik's contentions under both the Rule 60(b)(2) and (b)(3), the issues collapse into a single question: Did the Bankruptcy Court err in determining that Mr.

5

Duwaik's contention that his signature on the Note had been forged was immaterial in determining whether the creditor was entitled to relief from stay pursuant to 11 U.S.C. §362(d)?

During the course of this appeal, Mr. Duwaik has moved for an injunction **(#25)** to prevent Chase from foreclosing on the subject property. Chase has objected **(#26)**.

## STANDARD OF REVIEW

Generally, this Court reviews issues of law *de novo*, and findings of fact for clear error. *See C.O.P Coal Dev. Co. v. C.W. Mining Co.* (*In re C.W. Mining Co.*) 641 F.3d 1235, 1240 (10th Cir. 2011). The Bankruptcy Court's denial of Mr. Duwaik's motion to set aside the Relief from Stay Order pursuant to Federal Rule of Civil Procedure 60(b) is reviewed for abuse of discretion. *See Greenwood Explorations, Ltd. v. Merit Gas & Oil Corp.,* 837 F.2d 423, 426 (10th Cir. 1988); *In re Am. Freight Sys., Inc.*, 126 B.R. 800, 801 (D. Kan. 1991). A judicial decision is an abuse of discretion if it is arbitrary, capricious, whimsical, based on an error of law, based on clearly erroneous findings of fact, not supported by the record, or is manifestly unreasonable. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990); *U.S. v. Ramirez*, 304 F.3d 1033, 1035 (10th Cir. 2002); *U.S. v. Wright*, 826 F.2d 938, 943 (10th Cir. 1987).

## ANALYSIS

**I. Did the Bankruptcy Court err by holding that whether Mr. Duwaik's signature on a Note was forged was immaterial as to whether Chase was entitled to relief from stay?**

Mr. Duwaik's argument both before the Bankruptcy Court and this Court[5] is straight-forward and simple. He concedes that he is indebted under the Note (and the associated Deed of

---

[5] Mr. Duwaik does not assert that the Bankruptcy Court erred in identifying the law applicable under Rule 60(b)(2) and (3). He claims that some of the evidence he submitted was "new", but there is no indication that he made that proffer to the Bankruptcy Court, or that the "new" evidence was anything different from the "old" evidence proffered in conjunction with the Relief from Stay hearings.

6

Trust)[6], but he contends that Chase is not entitled to relief from stay because his signature on the Note that Chase holds was forged.[7]

In granting Chase's Motion for Relief from Stay and in denying Mr. Duwaik's Motion to Set Aside the relief order, the Bankruptcy Court found that Mr. Duwaik's challenge to the authenticity of the signature on the Note fell outside the narrow scope of the relief from stay proceedings. The Bankruptcy Court reasoned that 1) the scope of the relief from stay proceeding under 11 U.S.C.§362(d) and (g) is expedited and non-preclusive as to issues regarding the validity of the Note; 2) Chase was required only to establish that it was a "party in interest" and that there was "cause" for relief from stay; 3) there was no factual dispute with regard to "cause" for granting relief from stay; and 4) as to standing, Chase was required to make only a *prima facie* showing of its claim, which it did by presentation of the Note for the Court's inspection. Accordingly, the Bankruptcy Court found that Chase held a "colorable claim" against Mr. Duwaik. *In re Thomas*, 469 B.R. 915 (B.A.P. 10th Cir 2012). With regard to Mr. Duwaik's Motion to Set Aside the stay relief order, the Bankruptcy Court declined to consider Mr. Duwaik's argument and evidence for essentially the same reasons. It reasoned that the issue of the validity of the Note fell outside the scope of relief from stay, and taking Mr. Duwaik's evidence as true, there was a dispute of the Note's validity. A dispute as to the Note's validity

---

[6] No argument of estoppel has been raised, but it is clear that from the record that Mr. Duwaik's position with regard to Chase's rights under the Note has been inconsistent. According to his brief, he argued that Chase did not have physical possession of the Note, or that it was not properly indorsed in conjunction with a foreclosure action that preceded his bankruptcy filing, but no decision was rendered by the state court. During the bankruptcy case, Mr. Duwaik made no objection to Chase's proof of claim to which a copy of the Note and Deed of Trust were attached, nor did he seek a determination as to the nature, extent or priority of Chase's lien. Instead, he proposed and confirmed a Chapter 11 Plan of reorganization that provides for payment to Chase.

[7] Mr. Duwaik submitted multiple exhibits with his Brief (**#15**) and requests that the Court make a factual determination that Chase cannot enforce the Note. Of course, sitting in an appellate capacity, this Court can make no factual determinations.

7

did not affect Chase's standing to seek relief from stay. Questions as to the validity of the Note could be determined in state court.

This Court finds no legal error or abuse of discretion by the Bankruptcy Court. The automatic stay created by 11 U.S.C. § 362(a) enjoins acts to collect on pre-petition debts, including the foreclosure on pre-petitions liens. Its purpose is to allow a debtor like Mr. Duwaik a breathing spell in order to reorganize or to allow a trustee to marshal assets for an orderly distribution to creditors. *In re Dennen,* 539 B.R. 182, 187 (Bankr. D. Colo. 2015). However, the automatic stay is not intended to last forever. It may be lifted upon a showing of "cause", including that property in which a party in interest has an interest is not "adequately protected" or that a debtor has no equity in the property and the property is not necessary to an effective reorganization. 11 U.S.C. §362(d).

The process of determining a motion for relief from the stay is expedited,[8] limited, and summary. Unlike determinations of the nature, extent, and validity of a lien, which occur in a contested matter or adversary proceeding directed at that issue,[9] there are only two factual determinations required with regard to a motion for relief from stay: whether the movant is a "party in interest" and whether "cause" exists for granting relief from the stay.[10] The movant has the burden of establishing that it is a party in interest and that the debtor has no equity in the property; a debtor has the burden on all other issues. It is well-established that an order for relief from stay "is not a final adjudication of the parties' various rights and interests" which will

---

[8]*See e.g.* 11 U.S.C. §362(e).
[9]*See* Fed. R. Bankr. P. 3007(a) and (b); Fed. R. Bankr. P. 7001(2).
[10]*See e.g. In re Rexotech Cal, Inc.* 986 F.2d 1224 (Table), 1992 WL 16893 (10th Cir. July 1992); *Grella v. Salem Five Cent Sav. Bank*, 42 F.3d 26, 32-33(1st Cir. 1994); *In re Virteous Steel Prods. Co.*, 911 F2d 1223, 1224 (7th Cir. 1990)*; In re Utah Aircraft Alliance,* 342 B.R. 327, 332 (B.A.P. 10th Cir. 2006).

subsequently take place in state court. *In re Castro*, Nos. Co-11-040, 11-24287, 2012 WL 611437, at *4 (B.A.P. 10th Cir. February 27, 2012), *aff'd*, 503 Fed. App'x 612 (10th Cir 2012).

The Bankruptcy Code does not define the term "party-in-interest" for purposes of §362(d), but case law in this circuit has. To be a "party in interest" with regard to relief from stay under § 362(d), a party must be either a debtor or creditor of the bankruptcy estate. *Miller v. Deutsche Bank Nat'l Trust Co (In re Miller),* 666 F.3d 1255, 1261 (10th Cir 2012). A creditor is defined as "an entity that has a claim against the debtor" that arose before the filing of the bankruptcy petition. 11 U.S.C. §101(10). A claim is a "right to payment," but it can be unliquidated, contingent, unmatured, or disputed. 11 U.S.C. §101(5). Reading these sections together, to be a "party in interest" a movant must show that it has at least a disputed right to payment from the debtor. To capture the low threshold that must be satisfied, many courts have characterized the creditor's obligation with regard to standing as demonstrating a "colorable claim." *See In re Castro*, 503 Fed. App'x 612, 615 (10th Cir 2012); *Mullarkey v. Tamboer* (*In re Mullarkey,* 536 F.3d 215,227(3rd Cir 2008); *U.S. v. Fleet Bank of Mass.* (*In re Calore Express Co Inc.*) 288 F.3d 22, 35 (1st Cir 2002).

Questions of whether creditors were parties in interest for stay relief proliferated in the years following the collapse of the sub-prime mortgage market. In the 10th Circuit, two decisions are instructive (although both address "bearer paper" that has not been indorsed to the creditor seeking relief from stay). In *Miller v. Deutsche Bank Nat'l Trust Co.* (*In re Miller),* 666 F.3d 1255 (10th Cir 2012), a creditor's claim was based upon a promissory note indorsed in blank. The creditor sought relief from the automatic stay to commence foreclosure proceedings, and the debtors opposed, arguing that the creditor was not a "party in interest" unless it had possession of the actual note. The creditor insisted it physically possessed the note and promised

9

to produce it at a subsequent evidentiary hearing. The Bankruptcy Court apparently took the creditor at its word and, without holding the evidentiary hearing or inspecting the note, granted the creditor relief from the stay. On appeal, the 10th Circuit recited the familiar "party in interest" standard and then turned to Colorado law to examine whether the creditor had adequately demonstrated a right to payment on the note. The Circuit concluded that, under Colorado law, to have a right to payment under the note, the creditor had to either demonstrate physical possession of the note or produce a particular affidavit explaining the note's absence; because neither criteria was evident in the record, the Circuit held that the creditor had failed to demonstrate party status and thus, that the Bankruptcy Court's grant of relief from stay was an abuse of discretion.

*Miller* is instructive, but only up to a point. It makes clear that the creditor seeking stay relief bears the initial burden to demonstrate its party status, and it establishes (in general terms) the standard by which that party status is evaluated. But because of *Miller*'s peculiar facts, it is easy to over-read it as establishing principles for which it does not stand. Most significantly, *Miller* does not require a creditor seeking stay relief to prove its claim in response to arguments and defenses the debtor might raise. The 10th Circuit makes clear that "Whether a party has standing to seek relief as a party in interest, however, is an issue distinct from whether that party's underlying claim is valid." *Id.* at 1261 n. 4. Thus, the correct reading of *Miller* is one in which the creditor seeking stay relief need only make the sort of colorable, *prima facie*, showing of a claim. In *Miller*'s case, it would appear that production of the note would probably have been deemed a sufficient showing that the creditor was a party in interest, leaving questions as to the note's validity and enforceability for future determination outside of Bankruptcy Court.

10

A second decision by the 10th Cir. Bankruptcy Appellate Panel ("BAP") is also instructive. In *In re Thomas*, 469 B.R. 915 (B.A.P. 10th Cir. 2012), the BAP considered whether a creditor was a party in interest under §362(j), which the BAP held had the same meaning as under 362(d). The facts of *Thomas* are essentially the same as those of *Miller* – a creditor sought to commence foreclosure proceedings pursuant to a note and sought relief from stay to do so. As in *Miller*, the note in *Thomas* was considered bearer paper under state law, and the debtor objected to the creditor's party in interest status until the original note was produced. *Thomas* advances the story one notch beyond *Miller,* however, insofar as the creditor produced the original note for the Bankruptcy Court's review, but unfortunately, the Bankruptcy Court made no specific findings on the record as to the note or its contents, nor did it incorporate the note into the record.[11] Thus, once again, the record did not contain any colorable evidence of the creditor's ability to proceed on its claim, and the BAP reversed the Bankruptcy Court's order for relief from stay.

To a greater extent than *Miller*, *Thomas* makes clear that the Bankruptcy Court's hearing of a relief from stay motion is not intended to be a wide-ranging trial on all possible defenses that a debtor can muster. It emphasized that determination of whether relief from stay is appropriate "is not a final adjudication of the parties' various rights and interests in the subject property" and that "stay proceedings only determine whether the party seeking relief has a 'colorable claim,' which is then fully adjudicated in the state court." 469 B.R. at 922-23. The BAP expressly adopted the reasoning found in *In re Escobar*, 457 B.R. 229, 239 (Bankr. E.D.N.Y. 2011):

---

[11]The creditor also produced a written statement from a witness attesting to the fact that the creditor possessed the original note, but the BAP observed that the statement was not sworn and that "an unsworn pleading in a contested matter is not evidence upon which a factual determination may be made." One might assume that, had the statement been presented in an affidavit, that affidavit alone might be the *prima facie* evidence sufficient to demonstrate party status and support a grant of stay relief.

Given the summary and expedited nature of stay litigation, and its non-preclusive effect, the evidence necessary to establish standing to seek stay relief to commence or continue a foreclosure action should include a demonstration that the movant has the right under the applicable state law to enforce the mortgage; however, standing should not require evidence which would be necessary to prevail over a claim objection or to prevail in an adversary proceeding asserting that the claimant does not hold a valid, perfected and enforceable lien.

Thus, this Court understands *Thomas*, like *Miller*, to teach that determining whether a movant is a party in interest for purposes of relief from stay, the Bankruptcy Court should not require the movant to prove its claim against the debtor, nor compel it to respond to the debtor's defenses to the claim's enforceability. Rather, in recognition of the summary and non-binding nature of the proceeding (and yet to also protect the debtor against frivolous litigation), the Bankruptcy Court need only ascertain whether the creditor's claim is "colorable" – that is, that there is admissible evidence that establishes that the creditor has a claim. The burden on the creditor is to come forward with something more than mere allegations, but something less than proof rebutting every argument and defense that the debtor could present.

Courts are intimately familiar with this standard in other contexts. For example, in the summary judgment context of ordinary civil litigation, the court merely inquires whether the party with the burden of proof can come forward with evidence that, if believed by the trier of fact, would be sufficient. The court does not attempt to resolve disputed facts or weigh the evidence itself; it merely determines whether the burdened party's evidence, taken in the light most favorable to that party, could be enough to carry the party's burden. If so, the burdened party has established a *prima facie* case, and may proceed to present the entire claim to the trier of fact. Similarly, where personal jurisdiction is disputed, courts will often require a plaintiff to make a *prima facie* showing of the necessary facts at an early stage – enough to justify allowing the case to proceed – deferring the ultimate question of whether jurisdiction does or does not

exist until trial. *See e.g. Dudnikov v. Chalk & Vermillion Fine Arts, Inc.*, 514 F.3d 1063, 1069-70 & n. 3, 4 (10th Cir. 2008). In these instances, the court acts simply as a filter, screening out those actions where the party with the burden lacks any ability to prove an essential element of the claim but reserves to the ultimate finder of fact the duty of ascertaining whether the party's claim or the debtor's defenses have actual merit.

Requiring only a *prima facie* showing of a colorable claim is thus the proper standard for the Bankruptcy Court when determining whether to grant relief from the automatic stay. The court inquires only as to whether the creditor can come forward with evidence that, if believed by the trier of fact, could establish the claim. In *Miller*, possession of the note was essential to the creditor being able to proceed, and the creditor's inability to produce evidence of its possession prevented it from making a *prima facie* showing that its claim against the debtor was colorable. Here, Chase produced a note that, on its face, obligated Mr. Duwaik on the debt at issue. Although Mr. Duwaik alleges that the note was a forgery (or in prior contexts that it was not properly indorsed), such arguments should be resolved by the ultimate trier of fact – *e.g.* the Colorado state courts or in a formal adversary proceeding – not by the Bankruptcy Court in stay proceedings. To hold otherwise would be to ignore the teachings of *Miller* and *Thomas* as to the difference between the inquiry into the creditor's status as a party in interest and the inquiry into whether the claimed debt is indeed enforceable. All that Chase was required to present before the Bankruptcy Court was evidence that, taken in the light most favorable to it, was enough to render the claim colorable. The Bankruptcy Court found that, by presenting the original Note bearing what <u>purported</u> to be Mr. Duwaik's signature, Chase made a sufficiently *prima facie* showing of its party status.

With that premise established, it is clear that the Bankruptcy Court did not err in denying Mr. Duwaik's Rule 60(b) motion. Whether the signature of Chase's proffered Note was authentic or not was not a matter for the Bankruptcy Court to resolve in stay proceedings; it was a matter that would be resolved in more complete litigation later. Thus, Mr. Duwaik's "newly-discovered evidence" that purportedly established his allegations of forgery was immaterial to the issue of stay relief. Having properly found that Chase made a *prima facie* showing that it had a Note that ostensibly bound Mr. Duwaik, questions of authenticity of the proffered Note, like any other questions as to the validity of Chase's Note (*e.g.* sufficiency of consideration, adequacy of performance, etc.) would not change the outcome of the relief from stay request. Thus, it was not error for the Bankruptcy Court to find that Mr. Duwaik's new evidence would not have resulted in a different decision.

Accordingly, the Bankruptcy Court's denial of Mr. Duwaik's Rule 60(b) Motion is affirmed.

## II. Mr. Duwaik's request for injunctive relief

Mr. Duwaik's Petition for a Restraining Order and Temporary and Permanent Injunction **(#25)** seeks to enjoin Chase from foreclosing on the Deed of Trust secured by the Note. He argues that if Chase is allowed to proceed with its foreclosure action he will be denied due process and lose his property interest. The motion is denied for several reasons.

First, the motion is not properly brought. This Court sits in an appellate capacity with proceedings governed by Part Eight of the Federal Rules of Bankruptcy Procedure. Rule 8007 requires that, to the extent Mr. Duwaik seeks injunctive relief, he must first seek it from the Bankruptcy Court or show that moving in the Bankruptcy Court would be impracticable. He has done neither.

Second, assuming that seeking relief from the Bankruptcy Court would be impracticable, Mr. Duwaik's request is now moot. In its appellate capacity, the Court is limited in its ability to enjoin parties only until the appeal is resolved. *See* 28 U.S.C. §158(a); Fed. R. Bankr. P. 8007; *In re Wade*, 500 B.R. 896, 902 (W.D. Tenn. 2013). Now that the Bankruptcy Court's order is affirmed, Mr. Duwaik's request for injunctive relief pending resolution of his appeal is moot.

## CONCLUSION

For the foregoing reasons, the Court **AFFIRMS** the Bankruptcy Court's Order Denying Motion to Set Aside Judgment and **DENIES** Mr. Duwaik's Petition for a Restraining Order and Temporary and Permanent Injunction **(#25)**.

Dated this 20th day of October, 2017.

BY THE COURT:

_Marcia S. Krieger_

Marcia S. Krieger
Chief United States District Judge